# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:07cr69-11

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| RANDALL W. GILES, | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

THIS CAUSE coming on to be heard and being heard before the undersigned upon a violation report (#308) filed in the above entitled cause on November 13, 2007 by the United States Probation Office and a further addendum (#323) to the violation report filed on November 27, 2007. In the violation report and the addendum to violation report, the United States Probation Office has alleged that the defendant had violated terms and conditions of his pretrial release. At the call of this matter on for hearing it appeared that the defendant was present with his counsel, Peter Anderson, and that the Government was present through Assistant United States Attorney, Jill Westmoreland Rose, and from the evidence offered and from the statements of the Assistant United States Attorney and the attorney for the defendant, and the records in this cause, the court makes the following findings.

**Findings**: At the call of the matter, the defendant, by and through his attorney, admitted the allegations contained in the violation report filed on November 13, 2007 and the addendum to the violation report filed on November 27, 2007. The Government

introduced, without objection, the violation reports into evidence.

The defendant was charged, in a bill of indictment with conspiracy to conduct an illegal gambling business, conducting and operating an illegal gambling business, conspiracy to obstruct justice, committed perjury before the Grand Jury and conspiracy to commit money laundering. On September 25, 2007, the defendant was released, by the undersigned, on terms and conditions of pretrial release. The defendant was ordered to execute an unsecured bond in the sum of $25,000.00. The undersigned further set conditions of release which included the following:

(1) That the defendant shall not commit any offense in violation of federal, state or local law while on release in this case.

(7)(m) Refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

On November 18, 2007, the defendant entered a plea of guilty to the charge of conspiracy to operate an illegal gambling business and to the charge of committing perjury while giving testimony before the Grand Jury of the United States District Court for the Western District of North Carolina.

On October 26, 2007, the defendant submitted to an urinalysis test which tested positive for use of cocaine which is a controlled substance. On October 30, 2007, the defendant signed a statement admitting that he had used cocaine on October 24, 2007. This

use of a controlled substance occurred during a period of time in which the defendant was attending substance abuse treatment. In response to the positive test, the defendant agreed to increase his attendance at counseling. On November 9, 2007, the defendant admitted that he had used cocaine again on November 8, 2007.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer -----

(1) finds that there is----
 (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
 (B) clear and convincing evidence that the person has violated any other condition of release; and
(2) finds that ---
 (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
 (B) the person is unlikely to abide by any condition or combination of conditions of release.

If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community."

It appears from the evidence that the defendant possessed cocaine and used cocaine in the state of South Carolina. The possession and use of cocaine is at least a misdemeanor in the state of South Carolina and may, under certain conditions, be a felony. For the purpose of this hearing, the undersigned has considered the defendant's use of cocaine as being a misdemeanor and therefore, the provisions of 18 U.S.C. § 3148(b)(1) creating a reputable

3

presumption that no condition or combination of conditions would assure that the defendant would pose a danger to the safety of any other person or the community will not be applied.

There has further been shown by clear and convincing evidence that the defendant violated another condition of release in that it has been shown that the defendant violated the terms and conditions of his pretrial release in that he was ordered to refrain from use or unlawful possession of a narcotic drug unless it was prescribed by a licensed medical practitioner. The defendant has clearly violated this condition by possessing cocaine which is a controlled substance which is not prescribed by licensed medical practitioners.

Due to the findings made above and also considering the factors as set forth under 18 U.S.C. § 3142(g), it appears there is no condition or combination of conditions of release that will assure that the defendant will not pose a danger to the safety of any other person or the community. The defendant, after pleading guilty in this matter to two felonies and while on conditions of pretrial release and further while undergoing drug treatment, has persisted in using cocaine. That conduct leads the undersigned to be of the opinion that based upon the defendant's actions that it is unlikely that the defendant will abide by any condition or combination of conditions of release. As a result of the above referenced findings, the undersigned has determined to enter an order of revocation revoking the unsecured bond and the terms of pretrial release previously issued in this matter and entering an order detaining the defendant.

**ORDER**

IT IS, THEREFORE, **ORDERED** that the unsecured bond and terms and conditions of pretrial release entered in this matter are hereby **REVOKED** and it is **ORDERED** that the defendant be detained pending sentencing and further proceedings in this matter.

Signed: December 11, 2007

*Dennis L. Howell*

Dennis L. Howell
United States Magistrate Judge